Probate Court of Pike County.

NORFOLK & WESTERN RAILWAY COMPANY v.
RACHEL M. FOSTER ET AL.

Decided, November 20, 1916.

*Jury—Provision for Return of Verdict by Three-Fourths of Jury—
Not Applicable in Appropriation Proceedings—Action to Appropriate Not a Civil Action—Section 11455.*

A proceeding for appropriation of property is a special proceeding, and not a civil action within the meaning of Section 11455, as amended, providing for return of a verdict upon concurrence of three-fourths of the jury therein.

*Bannon & Bannon* and *Levi Moore,* for plaintiff.
*J. D. Withgott* and *G. W. Rittenour,* for Rachel M. Foster.

BARCH, J.

Heard on motion for a new trial.

The defendant, Rachel M. Foster, has filed herein a motion to set aside and vacate the verdict of the jury, and for a new trial in said cause on account of certain alleged errors that occurred during the progress of the trial.

Ten reasons are set forth in said motion, but the court does not deem nine of them of sufficient importance to give them any consideration, but will confine itself to the fifth in number, which is as follows:

"The court erred in instructing the jury that it could bring in a verdict by three-fourths of the jury concurring."

Arguments for and against the motion have been presented by counsel and the matter is before the court.

Section 11212 of the General Code says:

"The provision of law governing civil proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court, when there is no provision on the subject in this title."

The amendment to the Constitution, Article I, Section 5, provides that:

"The right of trial by jury shall be inviolate, except that, in *civil* cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

The Legislature, in 1913, acting under said amendment, saw fit to amend Sections 11455, 11456 and 11457 of the General Code relative to verdicts in common pleas court and passed the following:

Section 11455. "In all *civil actions* a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of

such jurors concurring therein, and they must then be conducted into court, where their names shall be called by the clerk, and the verdict handed to the clerk by the foreman.   The clerk must then read the verdict to the jury and make inquiry if it is the verdict of three-fourths or more of their number."

There are two forms of action, known as civil and criminal, and we are certain that the case at bar is not criminal, so we are led to ask, "is a condemnation proceeding, or in other words, is a proceeding for the appropriation of land a *civil* action?

We find in the 9th Ohio Circuit Court Reports (New Series), page 114, in the case of *Nypano Railway Company* v. *Wadsworth Salt Co.*, the Circuit Court of Medina County, in which Judges Winch, Marvin and Henry sat, in rendering their decision, make the following statement:

"This conclusion is reached by a majority of the court only, by construing the word 'evidence' as used in Section 6429, Revised Statutes, to mean 'testimony.'

"Judge Henry is of the opinion that the view can not be used by the jury as evidence, while the majority is of the opinion that the proceedings for appropriation of land are *special* proceedings and not a *civil* action, and that the jury, as assessors, are entitled to take into consideration what they may have learned on the view in arriving at the damages they may assess."

In the 72d Ohio State, in the case of *Pittsburgh, Cleveland & Toledo Railroad Company* v. *Tod,* we find the following:

"Section 6411, Revised Statutes, provides that 'The provisions of law governing *civil* proceedings in the court of common pleas shall, so far as applicable, govern like proceedings in the probate court,' when there is no provision on the subject in the title relating to procedure in the probate court.

"Section 5305, Revised Statutes, defines new trial: 'A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision of the court:'   An appropriation proceeding is not a *civil* action, but a special proceeding."

Now if an appropriation proceeding is not a *civil action,* but a *special* proceeding, and the three-fourths jury law does not

apply, how shall we distinguish between the two, and why is it a special proceeding? Let us again recite the law. Section 11212, General Code:

"The provisions of law governing *civil* proceedings in the court of common pleas, so far as applicable, shall govern like proceedings in the probate court, when there is no provision on the subject in this title."

The question now arises in our mind, "is there a provision of the law governing appropriation proceedings in the probate court that distinguishes such proceedings from civil actions?"

In Volume 3 of the General Code, Chapter 5, under the heading of Appropriation of Property, we find the following:

. Section 11038. "Appropriation of private property by corporations must be made according to the provisions of this chapter."

Section 11039 provides when appropriation can be made.

Section 11040 refers to the appropriation of the property of a minor, idiot, insane person or imbecile, etc. The next section provides for notices to ward, etc.

Section 11042 says: "In such a case the corporation may file a petition with the probate judge, verified as in *civil* action," etc.

Section 11044. "Upon the filing of a praecipe therefor, the probate judge shall issue summons for the owners, and persons named in the petition as residents of the state, having an interest, which may be directed to the sheriff of any county, and shall command him to notify the persons it names of the filing of the petition, and to appear thereto at a time to be fixed by the judge, and therein stated, not less than five nor more than fifteen days from the date thereof. It must be served and returned as in a *civil* action."

Is there anything in this section peculiar to serving a summons in civil actions in the court of common pleas?

Section 11047 provides that the probate judge shall issue an order to the clerk and sheriff to draw sixteen names from the

jury wheel, and further provides for the summoning the jury at a fixed time, not exceeding ten days from the date thereof.

Section 11048 provides that bills of exceptions shall be allowed as in *civil* cases.

Section 11051 provides for the impanneling of the jury and says:

"If the list of sixteen be exhausted before a proper jury of *twelve* men is taken and accepted therefrom, the judge shall order the sheriff to fill the remaining vacancies in the jury box required to make up the number of *twelve* with talesmen, who shall be interrogated as above provided."

Section 11052. "When a jury box is filled with *twelve* disinterested jurors, the owners of the property which is the subject of the trial shall have the right to four peremptory challenges," etc.

Section 11053 defines the oath and says in part:

"*You*, and *each* of you, do solemnly swear that, according to your best judgment, you will justly and impartially assess the amount of compensation due to the proper owners in the case which will be brought before you in this proceeding," etc.

In the case at bar, the verdict was not that of a full jury, only ten concurring, and therefore was not in compliance to the oath as administered by the court.

Counsel for the plaintiff in this case has argued that "the provisions of the law governing civil proceedings in the court of common pleas, shall govern like proceedings in the probate court," but the same statute adds, "when there is no provision on the subject in the title relating to procedure in the probate court."

There are provisions on the subject relating to appropriation of private property as found in the General Code.

This court is led to believe that, in light of the sections quoted from the General Code, that an appropriation proceeding is a special proceeding and not a civil action as referred to in Section

11455, as amended, relative to the three-fourths verdict of a jury in common pleas court, and that such a verdict does not apply in condemnation proceedings.

We arrive at our conclusions, not only from the Supreme and circuit court decisions relative to *civil* actions and special proceedings as quoted above, but more particularly from the sections of the General Code under the head of "Appropriation of Property."

We find further that none of these sections have been amended or repealed. The first section under this chapter says appropriation of private property by corporations must be made according to the provisions of this chapter, and each succeeding step in the case on up to the impanneling the jury of twelve men and the administration of the oath leads us to believe that the proceeding is special and not a civil action. In the absence of a Supreme Court ruling on the three-fourths jury law, as stated above, we have largely relied on the statutes governing appropriation proceedings in arriving at our conclusions.

The motion to set aside the verdict of the jury and for a new trial is sustained.